The cause came to a hearing, and after argument,Chancellor Rutledge delivered the following decree of the court:
The bill and answer being read, the only evidence adduced was, on the part of the complainant: 1st. A letter from defendant to complainant, dated the 29th of May, 1774, advising him of his having purchased B. Cooper’s moiety of the tract of land called Smithfield, for complainant. 2d. A bond from defendant to complainant, to makfc him titles, on complainant’s giving his bond for the purchase money to B. Cooper, and paying his proportion of expenses for improvement, &c. 3d. Complainants bond to B. Cooper for the purchase money, which bond was cancelled, the complainants name and seal being torn off, from which circumstance it was argued for complainant, that the purchase money due thereon must have been paid. There was no evidence offered on the part of defendant; but the defence urged by his counsel, was principally against decreeing a specific execution of the contract, after the length of time which had elapsed since it had been entered into; and that the court should leave the party to his remedy at law on defendants bond; especially as it did not appear that complainant had ever paid any part of the expenses, &c. which was part of the condition of the bond. — - On the first blush of the case, the court were strongly in- *275 dined to send the complainant to sede his remedy in the state of Georgia; but as he could at law only recover the penalty, and should he file his bill in the Circuit Court of the United States, and obtain a decree for a specific per-formalice, that court could only enforce its decree by the process of attachment against his person, the land lying in this state, whereas this court could enforce its decree by putting the complainant in possession of the land, if defendant should prove contumaceous, the court have therefore thought fit, on maturely weighing all circumstances of the case, to retain the suit, and to order and decree, that the defendant do forthwith make good and sufficient conveyances in fee simple to complainant of the land in bill mentioned ; that defendant be at liberty to file any discount which he may have against complainant for expenses incurred in improvements, &c. and that the land shall be considered as liable for the payment thereof -, complainant being equally at liberty to make his charge against defendant for rent or hire of the said land.
Desaussure and Ford for complainant,
Gaillard for defendant.
Costs to be paid by the defendant.